IN THE UNTIED STATES DISTRICTCOURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Amy Breunig ) | Order and Opinion |
| ) | |
| Plaintiff, ) | |
| vs. ) | CA No. 4:12-834-MGL |
| ) | |
| Town of Atlantic Beach, Officer ) | |
| John Jackson and Benny Webb, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Defendants Town of Atlantic Beach, Officer John Jackson and Benny Webb's ("Defendants") move pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure to Dismiss, or in the alternative for Summary Judgment, this action due to Plaintiff Amy Breunig's ("Plaintiff") failure to Prosecute. Plaintiff has not filed opposition to Defendants' motion.

**Standard of Review**

Plaintiff brings this claim *pro se*. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

**Discussion**

Plaintiff brought this claim pursuant to 28 U.S.C. § 1983 (ECF No.1) on February 21, 2012, in the Horry County Court of Common Pleas. Defendants removed this action to this Court on March 22, 2012. On February 15, 2013, Defendants filed a motion to Dismiss or in the alternative for Summary Judgment. (ECF No. 47). On February 19, 2013, Magistrate Judge Tom Rogers entered a order pursuant pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the importance of Defendants' motion and of the need for her to file an adequate response. Plaintiff has not responded to Defendants' motion.

In *Davis v. Williams*, the Fourth Circuit held that a district court should determine whether the harsh sanction of a Rule 41(b) dismissal is appropriate by applying four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted) (*citing McCargo v. Hendrick*, 545 F.2d 393, 396 (4th Cir.1976)).

In the instant action, , the Court finds that Plaintiff is proceeding *pro se* and is thus personally responsible for any failure to prosecute. Furthermore, the litigation has been ongoing since March 22, 2012 (ECF No. 1) and Defendants will be prejudiced if the Court indefinitely awaits a response from Plaintiff. On February 19, 2013, Magistrate Judge Rogers sent Plaintiff a Roseboro Order and directed her to respond to the Defendants' Motion to Dismiss. (ECF No. 47). In light of the procedural history and Plaintiff's continuing lack of response, there does not appear to be any sanction available to the Court that is less drastic than dismissal of the case with prejudice.

IT IS THEREFORE ORDERED that this case is DISMISSED WITH PREJUDICE pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

<u>/s/Mary G. Lewis</u>
United States District Judge

May 31, 2013
Spartanburg, South Carolina